{¶ 28} In my view, when evidence is destroyed or lost as the result of bad faith on the part of the State, a criminal defendant ought not to be required to show that the evidence would actually have been helpful to his defense, but merely that it had the potential to have been helpful; that is, that there is a real possibility that the evidence might have been helpful. In Arizona v. Youngblood (1988), 488 U.S. 51,109 S.Ct. 333, 102 L.Ed.2d 281, for example, there was no way to know whether the evidence in question, semen samples collected with a sexual assault kit, would actually have been helpful to the defense, because they were not adequately preserved, and could not, by the time their existence became known to the defense, have proven anything, one way or the other. They obviously had the potential of being helpful to the defense. So, the issue became whether the loss of the evidence was attributable to bad faith on the part of the police. The Supreme Court held that it was not.109 S.Ct. 337-338.
 {¶ 29} In the case before us, I conclude that the potential helpfulness of the videotape of the stop is self-evident. Whether anything on that tape would actually have helped Keggan cannot now be determined — the tape has been destroyed. But I conclude that it had the potential of being helpful to Keggan's defense, since it was an accurate recording of events immediately following the alleged running of the stop sign. It seems inevitable that Keggan and Williams, the police officer who stopped him and cited him, would have discussed the incident, and they would have done so from the superior vantage of the time immediately following the incident, when both of their recollections would have been fresh. Even if Keggan, but not Williams, had said something on the tape consistent with his version of events, it would have been potentially helpful to Keggan in rebutting any inference of recent fabrication. Evid. R. 801(D)(1)(b).
 {¶ 30} I would proceed to the next step of the analysis, which is the determination whether the destruction of the videotape involved bad faith. I find this issue close, in view of the substantial efforts Keggan made to have this evidence preserved . But I would be inclined not to disturb the trial court's apparent conclusion that no bad faith was involved. Accordingly, I concur in the overruling of Keggan's First Assignment of Error.
 {¶ 31} With respect to Keggan's Second Assignment of Error, I concur fully in the opinion of this court. Therefore, I concur in the judgment of this court affirming the judgment of the trial court.